Steven H. Schwartz, Esq. SBN 94637
Noel E. Macaulay, Esq., SBN 121695
**SCHWARTZ & JANZEN, LLP**
12100 Wilshire Boulevard, Suite 1125
Los Angeles, CA 90025-7117
Telephone:    310/979-4090
Facsimile:    310/207-3344



Attorneys for HKS INC., individually and dba HKS ARCHITECTS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT FOR THE STATE OF CALIFORNIA

CV13-02602 - R(JCGx)

| | |
|---|---|
| HKS INC., individually and dba HKS ARCHITECTS, INC.<br><br><br>Plaintiff,<br><br>vs.<br><br>GREEN ACRES, LLC; RM REW, LLC; MANHATTAN PARTNERS II, LLC; WEINTRAUB FINANCIAL SERVICES, INC.,  BARSOCCHINI & ASSOCIATES, INC ; and DOES 1 through 10, inclusive<br><br>Defendants | CASE NO:<br><br>COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF FOR:<br><br>1. COPYRIGHT INFRINGEMENT; AND<br>2. VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT<br><br>DEMAND FOR JURY TRIAL |

– 1 –

Plaintiff, HKS, Inc., individually and dba HKS Architects, Inc. (hereinafter "Plaintiff" or "HKS") hereby alleges, as and against Defendants, Green Acres, LLC ("GREEN ACRES"), RM REW, LLC ("RM"), Manhattan Partners II, LLC ("MANHATTAN"), Weintraub Financial Services, Inc. ("WFS") and Barsocchini & Associates, Inc. ("BARSOCCHINI"), and Does 1-50, as follows:

## JURISDICTION AND VENUE

1.      This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101, et seq., and under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1202, et seq.

2.      This Court has subject matter jurisdiction over the copyright and DMCA claims alleged below under, amongst other things, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (any act of Congress relating to copyright).

3.      In addition to the foregoing, this Court has diversity jurisdiction over the parties under 28 U.S.C. §1332, in that the amount in controversy, exclusive of interest and costs, exceeds $75,000, and the Plaintiff and Defendants are each citizens of different states, to wit, Texas and California.

4.      This Court has personal jurisdiction over Defendants and venue is proper in this Court pursuant to 28 U.S.C.  §§ 1391(b) and §1400(a) because , inter alia, (a) Defendants and/or their agents are domiciled within and/or doing business within and/or

may be found in the Central District of California; (b) Defendants expected or reasonably should have expected their acts to have consequence within the State of California and in the Central District of California; and (c) all or a very substantial portion of events or omissions giving rise to the claims herein, as well as substantial injury to HKS, have occurred or will occur or affect interstate commerce in the State of California, and in the Central District of California.

## THE PARTIES

5.     HKS, Inc., which also does business as HKS Architects, Inc. (henceforth "HKS") is an architectural firm and a Texas corporation.  It is headquartered in Dallas, Texas.

6.     HKS is informed and believes, and thereon asserts that Defendants Green Acres, LLC ("GREEN ACRES"), RM REW, LLC ("RM"), Manhattan Partners II ("MANHATTAN") and Weintraub Financial Services, Inc. ("WFS") are each entities incorporated in the State of California, and engaged, directly or indirectly, in real estate development.  On information and belief, each entity is headquartered (if not exclusively located ) as follows: (a) WFS - 26880 Pacific Coast Hwy, Malibu, CA, 90265, (b) GREEN ACRES - 22337 Pacific Coast Highway #775, Malibu, CA. 90265, (c) RM - 26880 Pacific Coast Hwy, Malibu, CA, 90265 and (d) MANHATTAN - 2029 Century Park East Ste. 2400, Los Angeles, CA. 90067.  These entities are sometimes collectively referred to henceforth

- 3 –

as "Developers".   Plaintiff is informed and believes, and thereon asserts that the Developers primarily, if not exclusively, conduct business within the State of California and the Central District of the same, and in some instances, were created solely in connection with a single development in Malibu, CA.

7.      Barsocchini & Associates, Inc. ("BARSOCCHINI") is, on information and belief, a California corporation, headquartered (if not exclusively located) at 3502 Coast View Drive,   Malibu CA. 90265, engaged in the practice of architecture, and primarily doing business in the State of California, and the County of Los Angeles.

8.      Plaintiff is informed and believes, and based thereon alleges that Defendants Does 1-50, whose names, identities roles and/or responsibilities are currently unknown to Plaintiff, are individuals, businesses or other entities who/which have engaged in and/or responsible for the acts and/or damages referenced below.  Plaintiff will amend this Complaint to allege such Defendant's true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant sued as Does 1-50, inclusive, is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages were proximately caused by such Defendants, and each of them.

9.      Plaintiff is informed and believes, and based thereon asserts, that at all times material herein, each of the Defendants, possibly excepting WFS, were agents, servants,

- 4 –

officers, representatives or employees of the other Defendants and in doing the things

herein alleged, were acting within the scope of their authority as such agents, servants,

representatives and/or employees, and with the permission and consent of their co-

Defendants

## BACKGROUND FACTS

10.     HKS is an architectural firm, engaged in the business of providing high quality

design services, including drawings, designs, renderings, plans and specifications.  Its work

product reflects both skill and artistry and it takes reasonable and appropriate steps, under

contract and otherwise, to preserve its rights of ownership in the same, including those

relating to their use and dissemination.

11.     In or about 2007, the architectural firm of Hill Glazier Architects entered into a

contract with Rancho Malibu, LLC and/or others for the provision of specified design

services in connection with a luxury development, known as the Rancho Malibu

Hotel/Resort, to be located on 27 acres adjacent to Pepperdine University in Malibu, CA.

Thereafter, and also in 2007, HKS acquired/merged with Hill Glazier Architects and

succeeded to all rights under the contract, and performed the remainder of the same.  The

contract was assigned to HKS, which assignment was the subject of a written consent, and

whenever a reference is henceforth made to Plaintiff or HKS's provision of services, such

also includes the earlier provision of services by Hill Glazier Architects in connection with

the project as well.  The contract expressly noted that the provision of certain services would be conditioned upon the entry into an AIA B141 contract, several standard provisions of which memorialize an architect's ownership of its work product and retention of any and all rights in the same.

12.     Plaintiff provided all of the services required of it under the contract, except as excused by the conduct of Rancho Malibu, LLC and/or others.   As part of its work product, it prepared comprehensive plans, drawings, renderings and architectural and site design work.  Not only was its ownership of its work product protected under common law, statute and contract, but, amongst other things, it registered the same for copyright purposes with The United States Copyright Office, on or about January 19, 2010, Registration No. VAu 1-018-601.

13.     Although Plaintiff did the work called for in the contract, it was not paid for the same.  Instead, the party or parties with whom it contracted defaulted on it or their obligations to HKS, leaving an unpaid balance of nearly $500,000 for the services rendered. Plaintiff then filed suit in Los Angeles County Superior Court to recover the unpaid balance. Rancho Malibu, LLC then declared bankruptcy.  Plaintiff was informed and believed that the project had been abandoned, and that its work was not going to be utilized in any form, and it did not discover otherwise until much later.  The state court action was resolved as and against the remaining defendants in December of 2012.

14.     During the pendency of the state court action, Plaintiff discovered that WFS was had posted on its website portions of Plaintiff's design work and was asserting ownership and/or rights to the same.  While Plaintiff believes that this work was ultimately removed, such was not until long after the infringing use, and WFS's liability for the same, had been brought to WFS' attention and that of others.

15.     In December of 2012, Plaintiff discovered the Rancho Malibu Hotel/Resort project had been since been resurrected, albeit this time with a different set of developers and a different architect.  These new developers/developer related entities consist of, on information and belief, of Defendants GREEN ACRES, RM and MANHATTAN, as well as Does 1-20.  Moreover, based upon publically accessible documents, Plaintiff ascertained that the "new" plans, design work, etc., were being submitted by BARSOCCHINI, as the architect for the Project.  Plaintiff thereafter secured copies of some of the plans, designs and drawings submitted and reviewed them.  Based upon that review, Plaintiff discovered that its own work was being utilized, directly, indirectly and/or derivatively by the Defendants for the project, and without authorization, compensation or authority.  In that regard, Plaintiff would note that as part of the settlement of the prior action, HKS had expressly reserved all of the rights to Plaintiff's work product and design, including the rights to bring an action against anyone for the unauthorized or improper use of the same.

16.     In December of 2012, Plaintiff notified Richard Weintraub (who on information and belief is affiliated with the each of the current developers and involved with the project), through his counsel, that the plans and material now being utilized violated Plaintiff's copyright and other rights in its work product and design.  On or about January 3, 2013, Plaintiff sent a detailed letter to Defendants GREEN ACRES, RM and MANHATTAN, as well as various counsel affiliated with the project, further notifying them of the violations and demanding that they immediately cease and desist from any and all further use of the same. Plaintiff is informed and believes that such contentions were also communicated to BARSOCCHINI and a separate cease and desist letter was subsequently sent to BARSOCCHINI as well.  The only substantive response that Plaintiff has received is from one of the Developer Defendants' principals, insisting that the Developers were authorized to use Plaintiff's work product, and threatening retaliatory action if Plaintiff pursued the matter.  Plaintiff is informed and believes, and thereon asserts, that the offending use of its design, drawings and work product continues unabated.

/ / /

/ / /

- 8 -

## FIRST CAUSE OF ACTION

### Violation of Copyright Act (17 U.S.C. § 101, et seq.)

### Against Defendants GREEN ACRES, RM, MANHATTAN, BARSOCCHINI and Does 1 Through 50

17.     Plaintiff realleges and incorporates by this reference, as if fully set forth herein, all of the allegations set forth in each of the preceding paragraphs of this Complaint.

18.     The drawings, depictions and other work product of Plaintiff are copyrightable subject matter under the copyright laws of the United States.   Plaintiff is, and at all relevant times has been, the copyright owner of exclusive rights and privileges in and to that copyrighted material.  Plaintiff has complied in all aspects with the Copyright Act, 17 U.S.C. §§ 101, et seq. and all other laws governing copyrights.

19.     Effective January 19, 2010, the United States Copyright Office issued Copyright Registration No. VAu 1-018-601 to HKS for the architectural drawings for the Rancho Malibu Hotel/Resort project.

20.     Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the copyrighted material, to make or create derivative works from the copyrighted material, and to display or utilize the same.

21.     By knowingly and willfully using, utilizing and/or reproducing the copyrighted material,  either directly or derivatively, and both in connection with direct display of

- 9 -

Plaintiff's work product, renderings, drawings and depictions upon websites, and/or through their use in connection with submissions by the Defendants and others for consideration and approval for this and/or other projects, the Defendants, and each of them, have directly and willfully infringed upon Plaintiff's copyright and other rights in its design, drawings, plans and other work product.   In addition, these Defendants have indirectly, derivatively, contributorily or vicariously infringed upon Plaintiff's copyright and ownership of its work product and have acted as agents of those knowingly and willfully committing such infringements, have directly benefited from those infringements and will in the future benefit from the same.

22.     The natural, probable, and foreseeable result of the wrongful conduct of Defendants, and each of them, has been and will continue to be to deprive Plaintiff of its exclusive rights under 17 U.S.C. § 106 and other provisions, and of benefits of being the author and copyright owner of its work product.

23.     As a result of the foregoing activities, Plaintiff is entitled to recover the damages, including attorneys' fees, that it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above.   Alternatively, Plaintiff is entitled to recover statutory damages pursuant to 17 U.S.C. §§ 412 and 504, amongst other provisions, in the amount of up to $150,000 per

act of infringement, as well as to recover attorney fees and costs pursuant to 17 U.S.C. §505.

24.     The wrongful acts of Defendants have also caused Plaintiff to lose the benefit of its exclusive rights under 17 U.S.C. § 106 and other provisions, have caused Plaintiff to lose the benefits of being known publicly as the architect which prepared the plans and specifications for the project, and have caused it significant ongoing injury, which damage cannot be readily computed in full.  As such, Plaintiff has no adequate remedy at law for these infringements, or all of them, in that (i) some or all of the copyrighted material and license are unique and valuable properly which may have no readily determinable market value; (ii) the infringement by Defendants constitutes an interference with Plaintiff's goodwill and customer relationships; and, (iii) the wrongful conduct of Defendants and the damages resulting therefrom are likely to recur.  The acts of copyright infringement by Defendants have caused Plaintiff irreparable injury and if not stopped, such is likely to be repeated. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 that any infringing uses or materials be withdrawn from submission and/or destroyed forthwith.

/ / /

/ / /

## SECOND CAUSE OF ACTION

### Violation of DMCA (17 U.S.C. §§ 1202(a) and (b))

### Against Defendants WFS and Does 1-20

25.     Plaintiff realleges and incorporates by this reference, as if fully set forth herein, all of the allegations set forth in each of the preceding paragraphs of this Complaint.

26.     Included within the copyrighted and copyrightable work product of Plaintiff were numerous drawings, depictions, plans and other graphical displays and renderings. Plaintiff is, and at all relevant times has been, the copyright owner of exclusive rights and privileges in and to this copyrighted material and has complied in all aspects with the Copyright Act, 17 U.S.C. §§ 101, et seq. and all other laws governing copyrights.

27.     Plaintiff is informed and believes, and based thereon alleges, that WFS and Does 1 – 20 have displayed copyrighted and copyrightable work product of Plaintiff on one or more websites, without any reference to Plaintiff's authorship or generation of the same and/or by removing, excising or obscuring the evidence of the same, and/or indicating, directly, indirectly or by necessary implication, that such was an authorized, licensed, permitted or permissible use of the same, all in full knowledge of the fact that they did not own the rights or have any right to display the material in question, let alone to claim, either directly or by necessary implication, any ownership rights or right of control of the same.

- 12 –

28.     Plaintiff is informed and believes, and based thereon alleges, that WFS and Does 1 through 20 knowingly – and with the intent to induce, enable, facilitate, or conceal infringement – provided false, inaccurate or misleading information for the copyrighted material displayed on one or more websites, in violation of one or more statutory provisions.

29.     The natural, probable, and foreseeable result of the wrongful conduct of WFS and Does 1 through 20 has been and was to deprive Plaintiff of its exclusive rights protected under 17 U.S.C. § 101, et seq. and of benefits of being the creator of the copyrighted material.

30.     The wrongful acts of WFS and Does 1 through 10 have caused Plaintiff to lose the benefit of its exclusive rights protected under 17 U.S.C. § 101, et. seq., have caused Plaintiff to lose the benefits of being the preparer of the renderings in question and have caused significant injury to his business reputation and goodwill.

31.     As a result of the foregoing activities, Plaintiff is entitled to recover damages, including attorneys' fees, in that it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above. Alternatively, Plaintiff is entitled to recover statutory damages pursuant to various provisions, including but not limited to 17 U.S.C. § 1202 and 1203, if and as applicable.

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

### ON THE FIRST CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT

A.      For entry of judgment for Plaintiff and against Defendants for damages pursuant to 17 U.S.C. § 504(a) as a consequence of Defendants' acts of infringement as alleged above; with regard to each unauthorized display, use, utilization and/or reproduction of the copyrighted material, in the amount of its actual damages, in an amount to be ascertained and subject to proof, but believed to be not less than $500,000.00.

B.      For entry of judgment for Plaintiff and against Defendants for damages pursuant to 17 U.S.C. § 504(a) for any profits or gains realized or received, which are directly or indirectly attributable to Defendants' infringements of Plaintiff's copyrights and Defendants' violation of law, in an amount to be ascertained and subject to proof, but believed to be not less than $500,000.00.

C.      For entry of judgment for Plaintiff and against Defendants, in the alternative, for an award of statutory damages pursuant to 17 U.S.C. § 504(a) for each and every act of infringement.  Plaintiff further seeks increased damages of $150,000, under section 504(c)(2), for each act of Defendants' willful infringement.

D.      For an award to Plaintiff for the costs of this action and reasonable attorney's fees to be fixed by the Court pursuant to 17 U.S.C. § 505.

- 14 –

E.     For an order requiring Defendants to account for and pay to Plaintiff all gains, profits, benefits, and advantages derived by them from the above-described acts of copyright infringement;

F.     For an order that, Defendants, and each of them, and their respective officers, directors, employees, agents, representatives, servants, subsidiaries and affiliates, and any and all persons and organizations in active concert or participation when them, be temporarily restrained, preliminarily enjoined during the pendency of this action, and permanently enjoined thereafter from engaging in further acts of:

(i)     advertising, licensing, displaying, selling, or offering to sell or otherwise marketing the copyrighted material that is the subject of this lawsuit;

(ii)    using the copyrighted material in any manner;

(iii)   assisting, aiding or abetting any other person or business entity in engaging in or performing any of the prohibited activities referred to in subparagraphs (i) through (ii), above; and

(iv)    from effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or other –wise avoiding the prohibitions set forth in subparagraphs (i) through (iii), above;

- 15 –

G.     That Defendants, and each of them, be ordered to deliver to Plaintiff, upon oath, to be impounded during the pendency of this action, and destroyed pursuant to judgment herein, any items, merchandise and material in its possession or under their control which is subject to the injunctive order of this Court shown by the evidence to infringe upon Plaintiff's copyrights, including all infringing items and any materials for making the infringing items, for the purpose of destruction or other disposition;

H.     That Defendants, each of them, be required to account for and pay over to Plaintiff all profits which they have derived from their wrongful activities and to pay such damages to Plaintiff as to this Court shall appear just and proper;

I.     That Defendants be ordered and directed to file with this Court and serve on Plaintiff within ten (10) days after the issuance of any preliminary or permanent injunction by the Court, whichever occurs sooner, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the foregoing paragraphs;

J.     That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement of compliance therewith and for the punishment of any violations thereof;

/ / /

## ON THE SECOND CAUSE OF ACTION FOR VIOLATION OF THE DMCA

A.      For entry of judgment for Plaintiff and against Defendants for an award of damages pursuant to 17 U.S.C. § 1203 or any other provision of the Digital Millennium Copyright Act as a consequence of Defendants' acts of infringement as alleged above, in the amount of actual damages, in an amount to be ascertained and subject to proof, but believed to be not less than $200,000.00.

B.      For entry of judgment for Plaintiff and against Defendants for an award of damages pursuant to 17 U.S.C. § 1203 or any other provision of the Digital Millennium Copyright Act as a consequence of Defendants' acts of infringement as alleged above, for any profits realized or received, which are directly or indirectly attributable to Defendants' wrongful acts, in an amount to be ascertained and subject to proof, but believed to be not less than $200,000.00.

C.      For entry of judgment for Plaintiff and against Defendants for an award of damages pursuant to 17 U.S.C. § 1203 or any other provision of the Digital Millennium Copyright Act as a consequence of Defendants' acts of infringement as alleged above and in the alternative, for an award of statutory damages.

D.      For an award to Plaintiff for the costs of this action and reasonable attorney's fees to be fixed by the Court pursuant to 17 U.S.C. § 1203 (b) or any other provision of the Digital Millennium Copyright Act.

E.     For an order requiring Defendants to account for and pay to Plaintiff all gains, profits, benefits, and advantages derived by them from the above-described acts of copyright infringement;

## ON ALL CAUSES OF ACTION

A.     For an award of pre-judgment interest and post-judgment interest to the maximum extent permitted by law;

B.     That Defendants be required to withdraw from their customers, clients and all other all of the infringing materials, and deliver up the same to Plaintiff for destruction or disposition, and

C.     For all other relief that this Court deems just and proper.


DATED:   April 11, 2013              **SCHWARTZ & JANZEN, LLP**



                                      By:
                                      STEVEN H. SCHWARTZ
                                      NOEL E. MACAULAY
                                      Attorneys for Plaintiff,  HKS, INC., individually
                                      and dba HKS ARCHITECTS, INC.

- 18 –

## DEMAND FOR JURY TRIAL

Plaintiff, HKS, Inc., individually and doing business as HKS Architects, Inc., respectfully requests a trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff, HKS, Inc., individually and doing business as HKS Architects, Inc., reserves its rights to amend this Complaint, as allowed by law.

DATED:   April 11, 2013                    **SCHWARTZ & JANZEN, LLP**


By: _____
STEVEN H. SCHWARTZ
NOEL E. MACAULAY
Attorneys for Plaintiff,  HKS, INC., individually
and dba HKS ARCHITECTS, INC.

- 19 -

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV13- 2602 R (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

---

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| HKS INC., individually and dba HKS ARCHITECTS, INC. | GREEN ACRES, LLC; RM REW, LLC; MANHATTAN PARTNERS II, LLC; WEINTRAUB FINANCIAL SERVICES, INC., BARSOCCHINI & ASSOCIATES, INC ; and DOES 1 through 50, inclusive |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Steven H. Schwartz, Esq. SBN 94637; Noel E. Macaulay, Esq., SBN 121695<br>Schwartz & Janzen, LLP<br>12100 Wilshire Blvd., Suite 1125, Los Angeles, CA 90025<br>Tel: 310-979-4090, Fax: 310-207-3377 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** >$500,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Copyright Infringement (17 U.S.C. §§101, et seq.) and Violation of the Digital Millennium Copyright Act (17 U.S.C. §§1202, et seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accomodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
☒ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY: Case Number:** CV13-02602

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | State of Texas |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: April 11, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |